THE PEOPLE *ex rel.* Henry Hoeldtke

*v.*

E. J. MURPHY, Warden.

*Announced orally December 7, 1904.*

HABEAS CORPUS—*what is not ground for writ.* Stays of execution of a duly passed sentence, allowed by the court upon the application of the prisoner, who remained in legal custody during the time, for the purpose of enabling him to make up the record of his case for review, are not ground for a writ of *habeas corpus* to release him from the penitentiary, where he was taken, in pursuance of the sentence, at the expiration of the last stay order. (*People ex rel.* v. *Barrett*, 202 Ill. 287, distinguished.)

MOTION for leave to file petition for writ of *habeas corpus.*

E. C. ROCKWELL, and W. H. MARTZ, for relator.

Mr. CHIEF JUSTICE RICKS announced the opinion of the court:

This is a motion for leave to file a petition for *habeas corpus.* The petitioner is confined in the penitentiary under a conviction for manslaughter. The indictment against him was found in February, 1902. He was tried and convicted in December, 1902. Motion for a new trial was made in January and was overruled and sentence entered. On the same day the petitioner moved the court for an allowance of sixty days in which to prepare and file a bill of exceptions, and also for a stay of the execution of the sentence for forty days. Both of these motions were allowed. On April 8, 1903, a motion was made by petitioner for a further stay of the execution of sentence, and that motion was allowed; and in like manner a number of motions for stays of the execution of the sentence were made by petitioner and allowed, the last of which motions was on November 10, and a stay was then granted of two weeks. At the expiration of this

last extension of two weeks the sentence was executed and the petitioner was delivered to the warden of the penitentiary, in compliance with the judgment and sentence of the trial court. The petitioner now seeks to be released on *habeas corpus* on the ground that all these stays of execution of sentence by the trial court, granted on his own application, were without authority of law and void, and that during all that time, and ever since then, he was imprisoned unlawfully and should now be released from custody.

The case mainly relied upon is that of *People ex rel. Bocnert* v. *Barrett,* 202 Ill. 287. As the court view it, the *Boenert case* is wholly different from the one at bar. Boenert was convicted of embezzlement by the verdict of the jury. Motion was made for a new trial, and pending the consideration of that motion the defendant was released on bail and was permitted to go at large for twenty-seven months without any order of court in the case. The court in that case did not dispose of the motion for new trial nor enter any sentence, and twenty-seven months after the trial and conviction, when the defendant got into some other trouble, he was brought into court, the motion for new trial was then overruled and he was sentenced on the verdict. Upon an application to this court for a writ of *habeas corpus* the court held that the trial court had so far disregarded the law and its duty in the premises that it had lost jurisdiction to enter sentence, and Boenert was released from custody.

In the case now before us sentence was entered immediately upon overruling the motion for a new trial, which was not pending more than a few days. The defendant was all the time kept in custody. Whether or not the orders granting these stays were lawful or unlawful; whether or not, as a matter of strict law, a court, after having passed sentence, can, upon its own motion or upon the motion of anybody, stay the execution of sentence for a given time, does not seem to us to be material or controlling in this case. The petitioner was all the time kept in legal custody, and the orders

entered by the court were presumably in furtherance of justice. The extension by a trial court to a convicted defendant of an opportunity to make up his record for the presentation of his case to a court of review cannot be regarded as such an unwarranted exercise of power as to annul the sentence of the law legally passed before the alleged unwarranted orders of stay were made. The petitioner did not, at the time, complain of his imprisonment pending these orders, nor did he complain until after he had been in the penitentiary a number of months. He is now where the sentence of the law directed that he should be placed, and the court is not of the opinion that there is any such error or irregularity in the granting of these stay orders after sentence, at his own request, as should entitle him to any relief under this petition.

The motion for leave to file the petition will be denied.

*Motion denied.*